UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X     15- CV-6975 (NG) (LB)
RAJAH S. IKKER
        Plaintiff,

  - against-                             ORDER TO SHOW CAUSE

THE CITY OF NEW YORK, et al.,

        Defendant (s)
_____X

    Upon reading and filing the Affirmation of BRIAN FIGEROUX., duly affirmed the 17th July 2017 and upon all the prior pleadings and proceedings herein.

    **LET** the Plaintiff, RAJAH IKKER and the Defendants, CITY OF NEW YORK show cause, at the United States District Court, Eastern District of New York, Part _____ , Rm _____thereof, on the 20th day of July, 2017 at 9:30 am or as soon thereof as counsel may be heard:

    **WHY** an Order should not be issued pursuant Section 1.4. of the Local Rules of the Eastern District:

    a) Relieving FIGEROUX & ASSOCIATES as Plaintiff's counsel;
    b) Ordering a charging lien on behalf of FIGEROUX & ASSOCIATES
    c) Ordering reimbursement if disbursements on behalf of FIGEROUX & ASSOCIATES
    d) For such other, further relief as this Court may deem just and proper.

    **ORDERED**, that all further proceedings in this matter, except that which is necessary to the relief herein requested, be and the same are stayed, until the determination of this motion;

**SUFFICIENT REASON APPEARING THEREFORE**, it is

    **ORDERED** that service shall be made upon Plaintiff, RAJAH IKKER, by and through his attorneys, Figeroux & Associates, located at 26 Court Street Suite 701, Brooklyn, NY 11501, on or before the 20th day of July 2017, by regular mail service be deemed good and sufficient service;

    **ORDERED** that service of a copy of this Order, together with all supporting papers upon which it is granted, upon Defendants, The CITY OF NEW YORK, on or before the 20TH day of July 2017, by overnight courier, be deemed good and sufficient service upon those parties and it is further.

_____
Hon: Gershon

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X  15- CV-6975 (NG) (LB)
RAJAH S. IKKER

      Plaintiff,

 against-

              AFFIRMATION IN SUPPORT OF
              ORDER TO SHOW CAUSE

THE CITY OF NEW YORK, et al.,

      Defendant (s)
_____X

  BRIAN FIGEROUX, Esq., an attorney duly admitted to practice in the State of New York, affirms under penalty of perjury that the following statements are true, except those made on information and belief which he believes to be true:

  1. I am the attorney of record for the above-named Plaintiff, RAJAH IKKER and am familiar with the facts of this case and make this affirmation in support of the Order to show Cause seeking an Order a) Relieving FIGEROUX & ASSOCIATES as Plaintiff's counsel; b) Ordering a charging lien on behalf of FIGEROUX & ASSOCIATES; c) Ordering reimbursement if disbursements on behalf of FIGEROUX & ASSOCIATES; d) further relief as this Court may deem just and proper.

  2. This is a civil rights action brought pursuant to 42 U.S.C. § 1983§ 1985, § 1986, alleging a violation of Plaintiff's civil liberties after an encounter with Police Officers Doyle and Francis, on or about June 12, 2015. Plaintiff commenced an action on December 8, 2015, and issue was joined on or about April 1, 2016. (Pleadings are annexed as Exhibits "A & B".)

  3. Discovery in this matter was completed on January 13, 2017 and Plaintiff submitted a joint pretrial order to the Court on or before May 8, 2017.

  4. Due to irreconcilable differences, Plaintiff's refusal to cooperate with counsel, and his insistence on new lawyers, our firm can no longer represent the Plaintiff.

5. On June 12, 2017, a reset hearing was held that ultimately scheduled a pretrial conference for June 22, 2017. The assigned attorney, Sidney Jean, failed to appear on behalf of Plaintiff due to an oversight on the office's calendar.

6. On June 22, 2017, the Court scheduled a date for trial on July 20, 2017 at 9:30 in a court room to be determined. Plaintiff's counsel was cautioned that if he fails to appear for trial on July 20, 2017, the case will be dismissed with prejudice for failure to prosecute pursuant to Fed R. Civ. P. 41(b).

7. On or about June 27, 2017, your affirmant contacted Attorney for the Defendant, Ms. Joanne Mc Laren, informing her that Plaintiff was interested in exploring a settlement. Your affirmant thereafter contacted Plaintiff, RAJAH IKKER via telephone number and informed him that settlement negotiations were on the way.

8. After engaging in lengthy negotiations with Ms. Mc Laren, all parties orally agreed to a settlement. After receiving the final settlements papers, our office contacted Plaintiff to schedule an appointment for him to execute settlement papers, but was however informed by Plaintiff that he was not accepting said settlement offer.

9. On or about July 10, 2017, Plaintiff came into your affirmant's office where he began behaving belligerent toward your affirmant regarding the proposed settlement and status of case. Plaintiff began using expletive language towards your affirmant and insisted that he would retain another attorney to represent in his case.

10. During your affirmant's interaction with Plaintiff, Plaintiff appeared mentally unstable and dysfunctional.

11. Thereafter, your affirmant contacted Ms. Mc Laren via telephone informing her of Plaintiff's position and his refusal to accept said offer.

## ARGUMENT

Pursuant to Local Civil Rule 1.4 which governs withdrawal of attorneys, "[a]n attorney who has appeared as attorney of record for a party . . . may not withdraw from a case without leave of the Court

granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . ." Satisfactory reasons include "a client's lack of cooperation—including lack of communication—with counsel, and the existence of an irreconcilable conflict between attorney and client." Diarama Trading Co. v. J. Walter Thompson U.S.A., 01 Civ. 2950 (DAB), 2005 U. S. Dist. LEXIS 17008, at *4 (S.D.N.Y. Aug. 12, 2005) (internal quotation marks omitted); see also Ashmore v. Cgi Group, Inc., 11 Civ. 8611 (AT), 2014 U.S. Dist. LEXIS 51618, at *2 (S.D.N.Y. Apr. 7, 2014) (a breakdown of the attorney-client relationship is sufficient grounds for withdrawal); Winkfield v. Kirschenbaum & Phillips, P.C., 12 Civ. 7424 (JMF), 2013 U.S. Dist. LEXIS 12093, at *3-4 (S.D.N.Y. Jan. 29, 2013) (irreconcilable differences constitute a satisfactory reason for withdrawal). Here, Mr. Suffin accuses plaintiff of failing to cooperate in the litigation process and plaintiff accuses Mr. Suffin of failing to protect her interests. ECF No. 47, 52, 53. Both Mr. Suffin's motion and plaintiff's opposition reflect that the attorney-client relationship has broken down. See Ashmore v. CGI Group, Inc., 11 Civ. 8611 (AT), 2013 U.S. Dist. LEXIS 156953, at *4 (S.D.N.Y. Oct. 30, 2013) (explaining that plaintiff and counsel's "cross-allegations of untrustworthiness and dishonesty[] establish the breakdown in the attorney-client relation).

12. In light of the sudden and inexplicable break down of attorney client relationship, lack of cooperation and request by Plaintiff to obtain new counsel, your affirmant respectfully request to be relieved as counsel for the Plaintiff and that all proceedings be stayed for a reasonable time to allow Plaintiff to secure new counsel as the Court deems fair and just.

13. Additionally, we respectfully request that the Court order a charging lien for attorneys' services rendered to date and reimbursement of disbursements.

14. No previous application has been made to this or any other court for the relief requested herein.

15. WHEREFORE, the undersigned prays for an Order granting all of the foregoing relief.

Dated: Brooklyn, New York

    July 17, 2017

                                                   Yours' etc.
                                                   FIGEROUX & ASSOCIATES

                                                   BRIAN FIGEROUX, Esq.
                                                   Attorney for the Plaintiff
                                                   RAJAH IKKER
                                                   26 Court Street, Suite 701
                                                   Brooklyn, NY, 11242
                                                   Tel: 718-834-0190

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X    15- CV-6975 (NG) (LB)
RAJAH S. IKKER

      Plaintiff,
 against-

THE CITY OF NEW YORK, et al.,

     Defendant (s)
_____X

# ORDER TO SHOW CAUSE AND AFFIRMATION IN SUPPORT OF ORDER TO WITHDRAW AS COUNSEL

            Yours' etc.
            FIGEROUX & ASSOCIATES

            _____
            BRIAN FIGEROUX, Esq.
            Attorney for the Plaintiff
            RAJAH IKKER
            26 Court Street, Suite 701
            Brooklyn, NY, 11242
            Tel: 718-834-0190