FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 1 2 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RAJAH S. IKKER,

                Plaintiff,

   -against-

CITY OF NEW YORK, POLICE OFFICER DARION
FRANCIS, AND POLICE OFFICER BRIAN DOYLE,

                Defendants.
-----------------------------------------------------------------x

OPINION & ORDER

15-cv-6975 (NG)

**GERSHON, United States District Judge:**

Defendants in this 42 U.S.C. § 1983 excessive force case, the City of New York and two NYPD officers, move to dismiss this action pursuant to Fed. R. Civ. P. 41(b)[1] because plaintiff failed to appear for his scheduled trial, after multiple warnings that such a failure could lead to dismissal. Defendants also move for sanctions, pursuant to the court's inherent power, against the plaintiff to compensate them for the time wasted in preparing for trial. For the reasons set forth below, defendants' motion to dismiss is granted and this case is dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(b). Defendants' motion for sanctions is denied.

I.    Failure to Prosecute

A prolonged discussion of the history of this litigation is unnecessary, as plaintiff appears to have willfully abandoned it. On December 5, 2017, plaintiff and his counsel were present before Magistrate Judge Lois Bloom for a conference. At that conference, Judge Bloom directly informed plaintiff that the matter was set for trial on December 14, 2017, and he was advised that, if he failed to timely appear for trial, his case may be dismissed. (Docket No. 49.) Plaintiff did not

---

[1] "If the plaintiff fails to prosecute or comply . . . with a court order . . . a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

1

appear for trial on December 14, 2017. Plaintiff's counsel represented that this failure was willful—plaintiff had told him he would not be attending the trial because he believed it would be a waste of time.

At the scheduled trial, defendants made an oral motion to dismiss the case for failure to prosecute. If indeed plaintiff had willfully refused to appear at his trial, there would clearly have been good cause to grant defendants' motion. *Jain v. Ford Motor Credit Co.*, 174 F.R.D. 259, 262 n.3 (E.D.N.Y. 1997) ("Since the plaintiff himself was notified two months ago of the trial date, his failure to be available without ever notifying the Court, is a classic case of failure to prosecute."). An apparent breakdown in communication between plaintiff and his counsel, however, made me reluctant to dismiss this case based only on counsel's representation of what plaintiff had said, without giving plaintiff an opportunity to be heard himself. Counsel had twice informed defendants and the court that plaintiff had agreed to a settlement, but the first time, plaintiff denied ever so informing his attorney, and the second time plaintiff withdrew his agreement after Judge Bloom explained the terms of the settlement to him. Plaintiff's attorney also filed two motions to withdraw because plaintiff was threatening him and refusing to cooperate. The second such motion was pending on December 14, 2017, and plaintiff had yet to be served with it. I therefore directed defendants to brief their motion so that it could be served on plaintiff, to allow plaintiff to respond if he had an explanation for his failure to appear.

According to his counsel's affidavit of service, shortly after the trial was adjourned on December 14, plaintiff was present at counsel's office and was served with his attorney's motion to withdraw. Plaintiff was advised that he had until January 4, 2018 to respond. He did not respond, and on January 31, 2018, I granted Mr. Figeroux's motion to withdraw as counsel. In that Order, I directed Mr. Figeroux to serve a copy of defendants' motions to dismiss and for sanctions, which

defendants had served and filed on January 25, 2018, on plaintiff, and to advise him that any response from him was due by February 15, 2018. Mr. Figeroux served the motion papers on plaintiff by mail on February 6, 2018, after plaintiff refused to come to counsel's office to retrieve them in person. Plaintiff never responded and, since he failed to appear at trial, has made no attempt to contact the court. The motion to dismiss for failure to prosecute is deemed unopposed.

By refusing to appear for trial, and refusing to oppose either his own attorney's motion to withdraw or defendants' motion to dismiss, plaintiff has abandoned this action. A discussion of all the failure to prosecute factors set forth in *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) is unnecessary. *Edwards v. Stevens*, 2012 WL 3597663, at *2 (S.D.N.Y. Aug. 22, 2012) ("While appellate courts apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, a district court is not required to discuss these factors in dismissing a case as long as an explanation is given for the dismissal.") (internal quotation marks and citation omitted). Based on plaintiff's apparent lack of interest in continuing his lawsuit, I hereby grant defendants' motion to dismiss.

II. Sanctions

Defendants move for sanctions against plaintiff to compensate them for the time wasted in preparing for the trial. While I am aware that defendants and their counsel likely invested significant time[2] in trial preparation, I deny the motion for sanctions. Based on the history of this litigation, including the deposition transcript, representations made by plaintiff's counsel in seeking to withdraw, and plaintiff's appearance at two conferences before Judge Bloom, plaintiff

---

[2] Defendants state that three attorneys spent 157.45 hours preparing for trial, but do not submit their time records. Defendants state that they are willing to submit their time records if the court is inclined to grant their motion for sanctions.

3

appears to be emotionally disturbed. He has chosen to abandon his action and cease prosecution of this lawsuit, but it is not clear that he has acted in bad faith by doing so. *See Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009) ("Imposition of [financial] sanctions under a court's inherent powers requires a specific finding that [a party] acted in bad faith."). Plaintiff informed his counsel prior to trial that he would not be appearing, and his stated reason for failing to appear is that the trial would be a waste of time. Plaintiff appears to think that his chances of winning this case are negligible and, rather than waste more time of defense counsel and the court, has chosen to abandon the action. Under these circumstances, and taking plaintiff's apparent mental state into account, I decline to award sanctions.

Additionally, "when a court awards defendants attorney's fees, it must take into account the financial circumstances of the plaintiff." *Sassower v. Field*, 973 F.2d 75, 81 (2d Cir. 1992). While specific evidence of plaintiff's financial state is not before the court, plaintiff appears to be homeless.[3] Defendants' request compensation for over 150 hours of attorney time, the value of which likely exceeds Mr. Ikker's net worth. Therefore, even if I were inclined to impose a sanction, the amount of any such sanction would be far less than defendants seek, and likely to be negligible.

---

[3] Former plaintiff's counsel has provided the court with plaintiff's mailing address, which is a P.O. Box.

## CONCLUSION

Defendants' motion to dismiss is granted and this case is dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(b). Defendants' motion for sanctions is denied. The Clerk of Court is directed to terminate the motion at Docket No. 58, send a copy of this Opinion and Order to the *pro se* plaintiff, and close the case.

SO ORDERED.

Dated: March 12, 2018
Brooklyn, New York

/s/ Nina Gershon

**NINA GERSHON**
**United States District Judge**